OPINION *Page 2 
{¶ 1} On August 10, 2006, the Richland County Grand Jury indicted appellant, William Nichols, Jr., on three counts of intimidation of a witness in a criminal case in violation of R.C. 2921.04. Said charges arose from incidents wherein appellant intimidated three witnesses, Regina Riner, Linda Vasquez, and Leona Lacey; all three were subpoenaed to testify in a criminal trial involving appellant's brother, Ryan Nichols.
 {¶ 2} A bench trial commenced on February 12, 2007. By judgment entry filed February 20, 2007, the trial court found appellant guilty of knowingly intimidating Ms. Riner and Ms. Lacey by unlawful threat of harm, and guilty of attempting to intimidate Ms. Vasquez. By sentencing entry filed February 26, 2007, the trial court sentenced appellant to an aggregate term of three and one-half years in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE WAVIER AND STIPULATION OF WAIVER OF JURY TRIAL EXECUTED BY THE DEFENDANT-APPELLANT IN THIS CASE, WAS INVALID AND NOT IN COMPLIANCE WITH OHIO REVISED CODE, SECTION 2945.05."
 II {¶ 5} "THE CONVICTION OF THE DEFENDANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS TO COUNTS ONE, TWO AND THREE."
 III {¶ 6} "DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL PROVIDED BY THE SIXTH AMENDMENT OF THE UNITED STATES *Page 3 
CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION, AS WELL AS THE DUE PROCESS PROTECTION UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND IN ARTICLE 1 SECTION 16 OF THE OHIO CONSTITUTION."
 IV {¶ 7} "THE COURT ERRED IN ADMITTING EVIDENCE OF CHARACTER AND REPUTATION IN VIOLATION OF OHIO CRIMINAL RULE 608(A)."
 I {¶ 8} Appellant claims his waiver of trial by jury was insufficient. We disagree.
 {¶ 9} R.C. 2945.05 governs waiver of jury trial and states the following:
 {¶ 10} "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: `I___, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.'
 {¶ 11} "Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial." *Page 4 
 {¶ 12} On February 8, 2007, appellant signed a written stipulation of waiver of jury trial. On the morning of trial, appellant again signed a written stipulation of waiver of jury trial containing identical language as the previous one:
 {¶ 13} "I understand that, under Criminal Rule 23(A) and otherwise, I have a right to have my case brought to trial before a jury. Having been informed of this right and having fully understood the same, I nevertheless waive my right to a jury trial and consent to having my case tried before a judge at any time in the future."
 {¶ 14} This waiver was filed on February 12, 2007. Prior to appellant signing the waiver, the following discussion was had on the record:
 {¶ 15} "THE COURT: At this time call case number 2006-CR659H, State of Ohio versus William A. Nichols, Jr. Defendant is before the Court represented by Attorney Rolf Whitney. Mr. Whitney has indicated the Defendant is desirous of waiving a jury trial. In fact, the Defendant did sign a waiver of trial back on the 7th of February.
 {¶ 16} "Mr. Nichols, you have a right to a trial, a jury trial. I know you talked to your attorney about this. Is it your considered decision at this time to waive the right to a jury trial and try the case to the Court?
 {¶ 17} "THE DEFENDANT: Yes, sir.
 {¶ 18} "THE COURT: Sign the waiver form.
 {¶ 19} "MR. WHITNEY: Can I approach the bench?
 {¶ 20} "THE COURT: Yes, sir. Get this filed with the clerk right away.
 {¶ 21} "THE BAILIFF: I'll do it right now." T. at 5-6. *Page 5 
 {¶ 22} Appellant argues the waiver failed to advise him of his constitutional right to a jury trial. Appellant was advised of this right at his initial appearance via a Statement of Rights form which he signed on July 14, 2006:
 {¶ 23} "I hereby state that I have read the complaint herein and have been advised by the Court of:
 {¶ 24} "* * *
 {¶ 25} "7. My right to a jury trial;
 {¶ 26} "* * *."
 {¶ 27} Given the facts of this case, we find appellant was adequately informed of his constitutional right to a jury trial.
 {¶ 28} Assignment of Error I is denied.
 II {¶ 29} Appellant claims his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 30} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. *Page 6 
 {¶ 31} Appellant was convicted of one count of attempting to intimidate a witness in a criminal action in violation of R.C.2921.04(A), and two counts of knowingly intimidating a witness in a criminal action by unlawful threat of harm in violation of R.C.2921.04(B) which state the following:
 {¶ 32} "(A) No person shall knowingly attempt to intimidate or hinder the victim of a crime in the filing or prosecution of criminal charges or a witness involved in a criminal action or proceeding in the discharge of the duties of the witness.
 {¶ 33} "(B) No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges or an attorney or witness involved in a criminal action or proceeding in the discharge of the duties of the attorney or witness."
 {¶ 34} In its judgment entry filed February 20, 2007, the trial court found appellant guilty of R.C. 2921.04(A) involving the intimidation of Ms. Vasquez. This count involved an altercation between appellant and Ms. Vasquez in an elevator at the Richland County Courthouse. Appellant pulled on her shirt and looked down her shirt, and stated "that he'll have me" which she took to be of a sexual nature. T. at 38-39. Appellant then followed Ms. Vasquez to her vehicle and told her to "keep my mouth shut, go in there and plead the Fifth." T. at 41-42. Ms. Vasquez testified she felt threatened and she was scared. T. at 43, 50. Amanda Thomas witnessed appellant talking to Ms. Vasquez and testified Ms. Vasquez was "very, very, very scared" and "she was flipping out." T. at 84.
 {¶ 35} We find appellant's actions clearly fall within R.C.2921.04(A). *Page 7 
 {¶ 36} In its judgment entry filed February 20, 2007, the trial court found appellant guilty of R.C. 2921.04(B) involving threats made to Ms. Vasquez's mother, Ms. Riner, and Ms. Lacey. Ms. Riner testified appellant called her and threatened to do things to her daughter, "he'd take her out and he'd rape her and put stuff in her, do things to her." T. at 16. Ms. Riner was afraid for her daughter. T. at 17. Appellant also threatened to kick Ms. Riner's "butt." Id. Ms. Riner was afraid to testify against appellant's brother because she was very concerned for the well-being of her daughter. T. at 18. Ms. Riner believed appellant would carry out his threats. Id. Appellant telephoned Ms. Riner again, just "laughing" with his distinctive laugh. T. at 19, 32-33.
 {¶ 37} Ms. Lacey was confronted by appellant after visiting her husband in the county jail. Appellant asked Ms. Lacey if she was going to testify against his brother. T. at 73. Ms. Lacey stated she was subpoenaed, and appellant told her "to plead the Fifth and not say anything." Id. Ms. Lacey took appellant's comments as threatening because of the way he looked and sounded. T. at 75. Appellant told Ms. Lacey "I know where your husband's at" which made her afraid for her husband. T. at 76.
 {¶ 38} We find appellant's actions clearly fall within R.C.2921.04(B).
 {¶ 39} All three women reported the confrontations with appellant to Richland County Sheriff's Detective Robert Mack. T. at 91. Ms. Vasquez also informed her probation officer. T. at 68. Appellant admitted threatening Ms. Lacey to his half-sister, Brittany Sweet. T. at 102.
 {¶ 40} In reviewing all of the testimony, it is obvious appellant set forth in a method of subtle threats and references to subsequent criminal acts to stop the three women from testifying against his brother. *Page 8 
 {¶ 41} Upon review, we find the trial court did not lose its way, and find no manifest miscarriage of justice.
 {¶ 42} Assignment of Error II is denied.
 III {¶ 43} Appellant claims his trial counsel was ineffective for failing to file a Crim.R. 29 motion for acquittal and failing to object to testimony concerning his character and reputation as well as the character and reputation of the three victims. We disagree.
 {¶ 44} The standard this issue must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 45} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 46} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 47} Based upon our decision in Assignment of Error II, we find defense counsel was not deficient in failing to move for acquittal pursuant to Crim.R. 29.
 {¶ 48} Appellant challenges testimony elicited from Detective Mack concerning his character and reputation as well as the victims'. This matter was tried to the court *Page 9 
and in the trial court's February 20, 2007 decision, the trial court found the testimony to have no bearing on its decision:
 {¶ 49} "Detective Mack, because of his extensive experience with defendant, members of defendant's family, and with the witnesses in this matter, was allowed to make pertinent comments on the character of the persons involved. Although some of Detective Mack's comments may not have been admitted before a jury, Detective Mack did not impart any information which the Court did not already know."
 {¶ 50} Detective Mack testified Ms. Lacey and Ms. Vasquez were not the sort of people that co-operated with the police, and he was surprised that they approached him about appellant's actions. T. at 96-97. Ms. Vasquez acknowledged she tries to avoid the police. T. at 62-63. Detective Mack also agreed that appellant gets violent when he is emotionally attached. T. at 101. We fail to find how such testimony was relevant or that it had any bearing on the trial court's decision. As the trial court stated, it had no effect on its decision and therefore, any failure to object was harmless error. Harmless error is described as "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Crim.R. 52(A). Overcoming harmless error requires a showing of undue prejudice or a violation of a substantial right. We do not find any undue prejudice to appellant or a violation of a substantive right.
 {¶ 51} Assignment of Error III is denied.
 IV {¶ 52} Appellant claims the trial court erred in admitting the complained of character and reputation evidence. *Page 10 
 {¶ 53} Evid.R. 608(A) governs opinion and reputation evidence of character and states the following:
 {¶ 54} "The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise."
 {¶ 55} Appellant challenges Detective Mack's testimony regarding his tendency to get violent when he is emotionally attached. As we found in Assignment of Error III, we fail to find how such testimony was relevant. However, the testimony did not have any bearing on the trial court's decision and therefore its admission was harmless. Crim.R. 52(A).
 {¶ 56} Assignment of Error IV is denied.
 {¶ 57} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed.
 Farmer, J., Edwards, P.J. and Delaney, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed. *Page 1